**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| GARY L. SHEHORN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 1:22cv296 LG-BWR |
| | * | |
| WAL-MART STORES EAST, LP | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

## NOTICE OF REMOVAL

TO: THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

Defendant, WAL-MART STORES EAST, LP, ("Wal-Mart"), gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 that this cause is hereby removed from the Circuit Court of Harrison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division. As grounds for this removal, Defendant shows as follows:

1. An action was commenced against Wal-Mart in the Circuit Court of Harrison County, Mississippi, entitled "*Gary Shehorn, Plaintiff v. Wal-Mart Stores East, LP*" Civil Action No. 24CI1:22-CV-00299. Attached as Exhibit "A" is the state court file in this action.

2. According to the Circuit Clerk's office for the Circuit Court of Harrison County, Mississippi, service of the initial pleading setting forth Plaintiff's claim for relief was affected upon Wal-Mart on September 30, 2022, which was Wal-Mart's first actual notice of this action.

1

3. This notice of removal is filed in the United States District Court for the Southern District of Mississippi, Southern Division, within thirty days of receipt by the Defendant of the initial pleading setting forth the claim for relief upon which Plaintiff's action is based in accordance with 28 U.S.C. § 1446(b)(1). The Circuit Court of Harrison County, Mississippi, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. § 1441(a) & (b).

4. This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Plaintiff is now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a citizen of the State of Mississippi. In his Complaint, Plaintiff states that he is a resident of Mississippi. (Complaint, ¶ I.)

6. Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a Delaware limited partnership whose sole limited partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Investment, LLC and whose sole general partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Management, LLC. Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Investment, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores East, LLC (i.e. the only member of WSE Investment, LLC is Wal-Mart Stores East, LLC), and was, at all times material hereto, including at the time of the commencement of

this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Management, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, likewise a wholly-owned subsidiary of Wal-Mart Stores East, LLC, (i.e. the only member of WSE Management, LLC is Wal-Mart Stores East, LLC) and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, LLC, is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Walmart Inc., (i.e. the only member of Wal-Mart Stores East, LLC is Walmart Inc.) organized under the laws of the State of Arkansas, maintaining its principal place of business in Bentonville, Arkansas.

7.      Plaintiff's Complaint seeks unspecified compensatory damages for "a broken right hip that required surgical intervention" including past, present and future medical expenses; past, present, and future pain and suffering and loss of enjoyment of life; and past, present, and future emotional distress.  (Complaint, ¶s XI and XII and unnumbered paragraph following ¶ XIII.)  Diversity is complete, and the amount in controversy exceeds $75,000.00, exclusive of costs and interests.  Federal Courts have held that where, as here, the plaintiffs' Complaint does not allege a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Norman v. Geico Insurance*, 479 F.Supp. 3d 336 (S.D. Miss 2020), quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).  The removing party can meet this burden by setting forth the facts in controversy that support a finding of the requisite amount. The District Court can require the parties to "submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir.

1995). Before filing suit, Plaintiff demanded $500,000.00 to settle his claim, and asserted that he incurred medical expenses in excess of $119,300. (Exhibit "B"). Federal courts routinely rely on attorney demand letters as evidence that the amount in controversy exceeds the jurisdictional minimum. *See Love v. Chester's Diesel, LLC*, 2017 WL 1274174, at *3 (N.D. Miss. Apr. 5, 2017) (denying remand where plaintiff made a pre-suit demand of $125,000 and a pre-suit counteroffer of $111,000); *Molina v. Wal-Mart Stores Tex.,L.P.*, 535 F. Supp. 2d 805, 808 (W.D. Tex. 2008) ("Pre-suit demand letters may be submitted as evidence to demonstrate that the amount in controversy exceeds $75,000."); *Maddox v. Walgreen, Co.*, 2005 WL 8171695, at *3 (S.D. Miss. Aug. 26, 2005) (denying remand where plaintiff made a pre-suit demand of $195,000, "well over the $75,000 amount in controversy requirement").

8. This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, as amended, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

9. Pursuant to 28 U.S.C. §1446 (d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Harrison County, Mississippi, and a written notice of this removal has been served on all adverse parties as required by law.

10. If any questions arise as to the propriety of the removal of this action, Wal-Mart requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

Respectfully submitted October 27, 2022.

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET  (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND       (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET  (MS 2896)
mmd@delmar-law.com
*Attorneys for Defendant Wal-Mart Stores East,* LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:      (251) 433-7994

CERTIFICATE OF SERVICE

I hereby certify that I have on this day October 27, 2022 served a copy of the foregoing pleading upon counsel as listed below by electronically filing, email, and/or depositing the same in the U. S. Mail, postage prepaid and properly addressed.

M. Scott Bishop
Morris Bart, LTD
1712 15th Street, Suite 300
Gulfport, MS  39501

/s/ W. Pemble DeLashmet
OF COUNSEL